**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY MACHI**, | : | |
| | : | |
| *Plaintiff*, | : | **Case No.** _____ |
| | : | |
| v. | : | **Judge** _____ |
| | : | |
| **ADVANCED DRAINAGE SYSTEMS, INC.**, | : | |
| | : | |
| | : | |
| *Defendant*. | : | |

---

**DEFENDANT ADVANCED DRAINAGE SYSTEMS, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant Advanced Drainage Systems, Inc. ("ADS" or "Defendant") respectfully submits this Notice of Removal of this action, Case No. 2024-00572, in the Court Common Pleas of Lycoming County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania. In support of this Notice of Removal, ADS states as follows:

## I.     BACKGROUND

On May 24, 2024, Plaintiff Anthony Machi filed Case No. CV-2024-00572, in the Court of Common Pleas of Lycoming County, Pennsylvania, captioned *Anthony Machi v. Advanced Drainage Systems, Inc.* Mr. Machi served the Summons and a copy of the Complaint on ADS on August 20, 2024. To the best of Defendant's knowledge, the Common Pleas Court has not yet heard any proceedings in the case. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint, Civil Cover Sheet, and Return of Service are attached hereto as Exhibit A. Mr. Machi's Complaint was the first paper from which ADS could ascertain that the lawsuit was removable.

1

## II.     THE REMOVAL IS TIMELY

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it is filed within thirty days of August 20, 2024, the date upon which ADS received service of the Summons and Complaint.

## III.    THIS COURT HAS DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)

This Court has subject matter jurisdiction over Mr. Machi's claim because there is complete diversity and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

### A.     Complete Diversity of Citizenship Exists.

A federal court has diversity jurisdiction where there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267–68 (1806).  A defendant may remove an action to federal court under § 1332 provided that no defendant is a citizen of the state in which the action was brought.  28 U.S.C. § 1441(a), (b).

In this case, Mr. Machi is a resident of Pennsylvania.  (Compl. ¶ 1).  Defendant is a corporation incorporated under the laws of the State of Delaware.  Its corporate headquarters are in Columbus, Ohio.  Its senior corporate officials are located in Columbus, Ohio.  ADS is neither incorporated in Pennsylvania, nor does it have a principal place of business in Pennsylvania.  (*See* Declaration of Wayne Martin at ¶ 2, attached as Exhibit B.)  Accordingly, complete diversity exists between the parties.

### B.     The Amount in Controversy Exceeds $75,000.00.

If diversity of citizenship exists, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000[.]"  28 U.S.C. § 1332(a).  When evaluating the amount in controversy, the court considers both the monetary and nonmonetary relief sought by the Plaintiff.  *Walls v. Repsol Oil & Gas USA, LLC*, 2020 U.S. Dist.

LEXIS 166210, *2 (M.D. Pa. Sept. 11, 2020).  "The court must measure the amount [in controversy] not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Id.* at *4 (quoting *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002).  In *Walls,* the court determined that the plaintiff's requested monetary relief in excess of $50,000.00, combined with the non-monetary relief, exceeded the amount in controversy threshold of $75,000.00.

Here, Mr. Machi's Complaint asserts claims for Disability Discrimination under the Pennsylvania Human Relations Act ("PHRA"), Retaliation under the PHRA, and violation of Section 2103 of the Pennsylvania Medical Marijuana Act ("PMMA").  (Compl. ¶¶ 27).  Moreover, Mr. Machi seeks "compensatory and punitive damages against Defendant in excess of $50,000." (Compl. at WHEREFORE clause).

Mr. Machi's pay records demonstrate that front-pay and back-pay will surpass the $75,000.00 threshold.  Mr. Machi was hired by ADS on or around September 12, 2021,[1] and he was terminated on September 13, 2022. (Compl. ¶¶ 10, 26).  Mr. Machi made at least $56,314.40 during his one year of employment at ADS.  (*See* Exhibit B ¶ 3 and Exhibit 1.)  At the time of this notice of removal request, the backpay calculation from September 13, 2022, through September 6, 2024, is approximately $112,628.80. Even assuming the trial occurred in June 2025, back pay to Mr. Machi alone would be approximately $154,864.60, exceeding the $75,000.00 threshold. Based on the similar case providing for compensatory damages above, and the amount of Mr. Machi's salary at ADS, the amount in controversy easily exceeds $75,000.00.  This is true, even without considering all of the non-wage damages alleged in the Complaint which include "loss of income, benefits, damage to his reputation, and emotional pain and suffering."  (Compl. ¶¶ 36,

---

[1] The Complaint incorrectly states Mr. Machi was hired on September 12, 2021. Indeed, Mr. Machi was hired on September 13, 2021. *See* Exhibit B ¶ 3.

43). Indeed, while non-monetary damages vary widely, damages for emotional distress in excess of $50,000.00 have also been upheld in several cases arising under disability discrimination. *Borrell v. Bloomsburg Univ.*, 207 F. Supp. 3d 454, 486 (M.D. Pa Sept. 19, 2016) *See Bolden v. Southeastern Pennsylvania Transportation Authority*, 21 F.3d 29, 30 (3d Cir.1994) (the jury awarded $250,001.00 in compensatory damages for emotional distress and harm to plaintiff's reputation). At base, the additional alleged damages push the amount in controversy well above the $75,000.00 threshold.

## IV.    CONSENT OF ALL PARTIES

ADS is the only named Defendant and joins in to this Notice of Removal as evidenced by the signature of its counsel below.

## V.    VENUE

Mr. Machi originally filed this action in the Court of Common Pleas of Lycoming County, Pennsylvania. Pursuant to 28 U.S.C. § 1441(a), this action is properly removed to and venue is proper in this Court because the Court: (1) has jurisdiction over Plaintiff's claims in his Complaint; and (2) encompasses the county in which this action has been pending.

## VI.    STATE COURT ACTION

In accordance with 28 U.S.C. § 1446(a), all of the process and pleadings filed in the action to date, along with a copy of the Civil Docket Sheet, are collectively attached to this Notice as Exhibit C.

## VII.    NOTICE GIVEN

Pursuant to 28 U.S.C. § 1446(d), ADS will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the Clerk for the Court of Common Pleas of Lycoming County, Pennsylvania. A copy of the Notice to State Court of Removal is attached hereto as Exhibit D.

## VIII.    RESERVATION OF RIGHTS

By filing this Notice of Removal, ADS does not waive any available defenses to the claims and damages asserted by Plaintiff, or concede that Plaintiff has pled any claim upon which relief may be granted.  Defendant disputes Plaintiff's claims and contends only that the claims, as pled, establish that this Court has jurisdiction.

## IX.    CONCLUSION

Based on the foregoing, ADS respectfully removes this action to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Dated:  September 6, 2024                      Respectfully submitted,

VORYS, SATER, SEYMOUR AND PEASE LLP

By:    /s/ Phillip J. Binotto
Phillip J. Binotto (PA- 21817)
500 Grant Street, Suite 4900
Pittsburgh, PA 15219-2502
Phone:  412-904-7689
Fax:  412-904-7802
Email:  pjbinotto@vorys.com

Liana R. Hollingsworth (Fl- 0076930)*
200 Public Square, Suite 1400
Cleveland, Ohio 44114
Phone: (216) 479-6152
Fax: (216) 937-3406
Email:  lrhollingsworth@vorys.com

*Counsel for Defendant Advanced Drainage Systems, Inc*

*\*To be admitted Pro Hac Vice.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September, 2024, a true and correct copy of the foregoing **DEFENDANT ADVANCED DRAINAGE SYSTEMS, INC.'S NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court using the CM/ECF system, and a true and correct copy was served upon the following, Via Electronic Mail and U.S. First-Class Mail, postage prepaid:

Mark R. Natale (NJ- 316939)
MALAMUT & ASSOCIATES, LLC
457 Haddonfield Road, Suite 500
Cherry Hill, NJ
Phone: (856) 424-1808
Fax: (856) 424-2032
E-mail: mnatale@malamutlaw.com

*Counsel for Plaintiff Anthony Machi*

/s/ Phillip J. Binotto
Phillip J. Binotto (PA- 21817)